CHANEY, Appellant,

v.

CLARK COUNTY AGRICULTURAL SOCIETY, INC., Appellee.

[Cite as *Chaney v. Clark Cty. Agricultural Soc., Inc.* (1993), 90 Ohio App.3d 421.]

Court of Appeals of Ohio,
Clark County.

No. 3041.

Decided Sept. 24, 1993.

422

*Charles N. Ricketts,* for appellant.

*Quinton Dressell,* for appellee.

---

FREDERICK N. YOUNG, Judge.

Thomas L. Chaney (appellant) appeals from a summary judgment granted to the Clark County Agricultural Society, Inc. (appellee) by the Common Pleas Court of Clark County, Ohio, in appellant's suit against appellee for overtime compensation pursuant to the Fair Labor Standards Act, Section 201 *et. seq.,* Title 29, U.S.Code.

Appellant was an employee of the appellee from December 1980 until December 1991, and filed suit on June 6, 1992, alleging that during such period of employment appellee failed to pay the appellant overtime compensation as mandated by the Fair Labor Standards Act ("the Act"). The appellee's answer lists seven defenses, one of which was "defendant is an employer exempt from the wage and hour provisions" of the Act. The appellee filed a motion for summary judgment on December 7, 1992, accompanied by a memorandum and an affidavit of the treasurer of appellee which included as an exhibit a copy of a section of the field operations handbook of the United States Department of Labor, Wage and Hour Division. The second exhibit to the affidavit chronicled the monthly receipts of the appellee for the years 1991, 1990 and 1989. Appellant responded with a memorandum and an affidavit by the appellant.

The court rendered its decision on summary judgment on March 19, 1993, with the following opinion:

"This matter is before the Court on motion of defendant seeking summary judgment filed December 7, 1992.

"The Court has reviewed the pleadings, motion, memorandums and affidavits filed relating thereto.

"Plaintiff was an employee of the Clark County Agricultural Society from 1980 until 1991. During that time he claims to have worked overtime during this employment. Plaintiff claims to be entitled to compensation under the Fair Labor Standards Act (29 U.S.C., Section 201 et. seq.).

"The Court has reviewed the memorandums and arguments of counsel. After due consideration, this Court is compelled to find that [plaintiff] *in the capacity of his employment* for *this employer* is exempt from the provisions and regulations alleged to be applicable herein.

"As a matter of law, this Court is, therefore, compelled to find that the motion seeking summary judgment is well taken. Judgment is, therefore, granted in favor of defendant and against plaintiff in the within action." (Emphasis added.)

We are unable to deduce from the opinion of the trial court whether summary judgment was granted to appellee on the grounds that the appellant's specific activities rendered his employment exempt from the requirements of the Act, or whether the employer itself was held to be exempt from the provisions of the Act. We have before us, however, the complete record that was before the trial court and since we will make our own determination with regard to the issues raised, it is unnecessary for us to determine which ground, exempt employment activities or exempt employer, the trial court based its decision on.

Civ.R. 56 controls summary judgment practice and states in pertinent part:

"(C) * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *."

As this court stated in *Mercer Sav. Bank v. Wooster* (Nov. 15, 1991), Montgomery App. No. 1273, unreported:

" * * * In construing Rule 56, the Ohio Supreme Court has stressed that its language forms a tripartite test whereby the moving party must establish: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in his favor. See *Harless v. Willis Day Warehousing Co., Inc.* (1978), 54 Ohio St.2d 64, 66 [8 O.O.3d 73, 74, 375 N.E.2d 46, 47]."

■ In addition, on a motion for summary judgment, a nonmovant may not rest on the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Jackson v. Alert Fire & Safety Equip.* (1991), 58 Ohio St.3d 48, 51, 567 N.E.2d 1027, 1030.

■ In the case before us there is no issue as to any material fact. The appellant does not question the fact that the appellee is a county agricultural society, commonly known as the "Fair Board," and is a nonprofit corporation

created and existing pursuant to R.C. Chapter 1711 for the purpose of holding an annual county fair, and managing and maintaining the grounds on which this fair is held. The status of the appellee was properly before the court from the affidavit of its treasurer, attached to appellee's motion for summary judgment. Furthermore, the appellee does not question the fact of the appellant's employment by appellee from 1980 until 1991, nor the duties of his job, the type of work which he did, and the amount he was paid. The fact that appellant in the course of employment was compensated at a rate in excess of the appropriate federal minimum wage, and the fact that he was not paid time and a half for hours in excess of forty per week are not questioned by either party.

The appellee essentially maintains, and the trial court apparently agreed, that it is exempt from the provisions of the Act. The appellant argues, without presenting any authorities, that the various activities of the appellee bring him under the requirements of the Act, *i.e.*, to pay overtime for time worked in excess of forty hours per week.

 The issue of whether an institution is exempt from the overtime provision of the Act is one of law and statutory interpretation, *Brennan v. Keyser* (C.A.9, 1974), 507 F.2d 472, and is determined on the nature of the employer's business, not on the nature of the employee's work. *Marshall v. New Hampshire Jockey Club, Inc.* (C.A.1, 1977), 562 F.2d 1323. As the appellee has pointed out in its brief, the fact that a particular employee may perform nonexempt work does not necessarily make him a nonexempt employee. *Stein v. J.C. Penney, Co.* (D.C.Tenn.1983), 557 F.Supp. 398.

Section 213(a), Title 29, U.S.Code provides that its requirements shall not apply with respect to:

" * * * (3) any employee employed by an establishment which is an amusement or recreational establishment, organized camp, or religious or nonprofit educational conference center, if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33⅓ per centum of its average receipts for the other six months of such year * * *."

It has been held that the foregoing provision is intended to establish criteria for seasonality and make plain that employees of seasonable amusement or recreational companies generally are exempt. *Marshall v. New Hampshire Jockey Club, Inc., supra.*

The Sixth Circuit Court of Appeals has extended the exemption to a private, not for profit golf club and, in doing so, found congressional legislative history useful as follows:

"The purpose of the seasonal amusement or recreational establishment exemption was not clearly spelled out in the legislative history of either the 1961 or 1966 amendments. However, there is some useful legislative history discussing a proposed 1965 amendment to the FLSA. The House Committee Report stated that the amusement and recreational establishment exemption would cover 'such seasonal recreational or amusement activities as amusement parks, carnivals, circuses, sport events, parimutuel racing, sport boating or fishing, or other similar or related activities....' H.R.Rep. No. 871, 89th Cong., 1st Sess. 35 (1965). Although the proposed amendment was not passed, the legislative history is relevant because the following year Congress enacted a similar amendment including the amusement and recreational exemption. *See Brennan v. Texas City Dike & Marina, Inc.*, 492 F.2d 1115, 1118 n. 8 (5th Cir.), *cert. denied*, 419 U.S. 896, 95 S.Ct. 175, 42 L.Ed.2d 140 (1974)." *Brock v. Louvers & Dampers, Inc.* (C.A.6, 1987), 817 F.2d 1255, 1258.

The activities of the appellee consist primarily of producing and operating the annual Clark County Fair. The determination that the appellee is therefore exempt from the Act under Section 213(a)(3) is buttressed by the fact that the Department of Labor, Wage and Hour Division, has consistently treated it as exempt. The appellee, in an affidavit in its motion for summary judgment, provided the following quotation from the field operations handbook of the Wage and Hour Division:

" '*State and county fairs.* The activities of the usual State or county fair are analogous to those of an amusement park, carnival, or circus, i.e., it has rides, exhibitions, side shows, etc. and its revenues are derived principally from selling admissions to such events. State and county fairs may thus qualify for the Sec. 13(a)(3) exemption if the tests are met.' "

█ It is accepted law that the administrative constructions of an Act an agency is enforcing, while not controlling, nevertheless are given great weight by the courts. *Brock v. Louvers & Dampers, Inc., supra.*

█ The appellant argues that the appellee also rents the fairground's facilities and buildings for numerous and various purposes and to a miscellany of nonprofit and for-profit organizations, and thus should be covered by the Act, again without citing any authority. However, the rental by an exempt organization of its facilities to a nonexempt business does not disqualify the exempt institution from the exemption of Section 213(a)(3). Wage & Hour Opinion Letter No. 1525 (WH–472), Oct. 11, 1978, CCH Labor Law Rep., paragraph 31,256, discussed at 88 A.L.R.Fed. 880, 901–902 (1988).

Thus, we think the record clearly establishes that the appellant was "employed by an establishment which is an amusement or recreational establishment,"

Section 213(a)(3), and by an exhibit attached to the appellee's affidavit submitted together with its motion for summary judgment, the appellee presented evidence, which the appellant has not even attempted to contradict, that "during the preceding calendar year, its average receipts for any six months of such year were not more than 33⅓ per centum of its average receipts for the other six months of such year." Section 213(a)(3).

We find that the record in this case abundantly supports the summary judgment entered by the trial court and that the appellee is exempt from the requirements of the Act as a matter of law. The exemption provides that *any* employee employed by such an exempt facility is exempted from the provisions of the Act. It is therefore not necessary for us to analyze all the various types of work the appellant did for the appellee. The judgment is affirmed.

*Judgment affirmed.*

BROGAN and WOLFF, JJ., concur.