DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant Terrence Hattie appeals the decision of the Lorain County Court of Common Pleas granting summary judgment to defendant-appellee Richard Garn, dismissing Hattie's claims against defendant-appellee Jody Sherman, and denying Hattie's motions to compel discovery and for a continuance. Hattie assigns five errors. We affirm in part and reverse in part.
 I.
Hattie's first assignment of error is:
 THE TRIAL COURT ERRED BY DENYING PLAINTIFF'S REQUEST FOR A FINDING THAT DEFENDANT SHERMAN HAD BEEN SERVED WITH A SUMMONS AND COMPLAINT.
The Ohio Rules of Civil Procedure regarding service of process were drafted in the belief that "due process should determine the parameters for proper service." Regional AirportAuthority v. Swinehart (1980), 62 Ohio St.2d 403, 405. "Due process does not require actual notice, but does require that notice be reasonably calculated to apprise a defendant of an action's pendency to afford him an opportunity to present his objections." (Citations omitted.) Talarek v. Miles (July 23, 1997), Lorain App. No. 96CA006567, unreported, at 5. In Ohio, service of process must comply with the requirements set forth in Civ.R. 4 et seq., and there is a presumption of proper service when those rules have been followed. Id. However, Civ.R. 4.6 (D) provides:
 Service unclaimed. If a certified mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record or if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. * * * Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery.
(Emphasis added.) Therefore, service is "deemed complete" under Civ.R. 4.6(D) when: 1) the fact of mailing is entered upon the record; and 2) the ordinary mail envelope is not returned to the court with an endorsement showing failure of delivery. Talarek,supra at 7, citing Hayes v. Gradisher (Oct. 30, 1996), Summit App. No. 17791, unreported, at 6. Conversely, service is incomplete if the ordinary mail envelope is returned unclaimed.
On April 23, 1996, Hattie filed a civil complaint against Garn and Sherman, alleging breach of contract and fraud and praying for damages in the amount of $1,000.00. At that time, Hattie was incarcerated. Hattie filed a praecipe to the Clerk of Courts requesting that the complaint be served on Garn and Sherman. The complaint listed the address of both Garn and Sherman as "2600 C. Rd. 185, Clyde, Ohio 43410."
Garn was served with the complaint and answered, denying that a contract existed between him and Hattie. Sherman did not receive service. On August 7, 1996, Hattie submitted a handwritten letter attached to his "Motion for Order of Satisfaction of Service." Hattie argued that this letter proved Sherman's receipt of service, inasmuch as the letter, purportedly written by Sherman, stated: "You don't know who you are messing with when it comes to my family suing my uncle." The trial court denied the motion.
On September 26, 1996, the trial court ordered Hattie to serve Sherman by another method "as service upon defendant Jody Sherman by certified mail has been returned, undelivered." In response to the trial court's order, Hattie requested that the clerk re-serve the complaint by regular mail at:
 Jody Sherman c/o Richard Garn 2600 C. Rd. 185 Clyde, Ohio 43410
On October 10, 1996, a summons with a copy of the complaint was sent by ordinary U.S. Mail to the above address. On October 28, 1996, the summons and complaint were returned, unclaimed.[1]
Service on Sherman was twice attempted with no success. There is no evidence in the record that Sherman knew that she was a named defendant in the lawsuit initiated by Hattie. The only evidence in the record regarding this assignment of error is in a handwritten letter from Sherman to Hattie in which she mentions a lawsuit against her "uncle." The requirements of Civ.R. 4.6(D) were not met. The trial court did not err when it determined that the hand-scrawled letter was insufficient for the trial court to find that Sherman had been "served." We will not disturb this finding. Hattie's first assignment of error is overruled.
 II.
Hattie's second assignment of error is:
 THE TRIAL COURT ERRED BY DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WHICH WAS UNCONTROVERTED BY EVIDENCE SPECIFIED IN CIVIL RULE 56.
Pursuant to Civ.R. 56, summary judgment is proper when: 1) no genuine issue as to any material fact remains to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the non-moving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Stateex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511. Doubts must be resolved in favor of the non-moving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. Chaney v. Clark Cty. Agricultural Soc.
(1993), 90 Ohio App.3d 421, 424.
The Supreme Court of Ohio recently modified the summary judgment standard. Under the new standard, the moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or a material element of the non-moving party's claim. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429-430.
This Court reviews a trial court's granting of summary judgment de novo. Pennsylvania Lumbermens Ins. Corp. v. LandmarkElec., Inc.(1994), 110 Ohio App.3d 732, 743. In viewing disputed evidence, all facts are construed in the non-moving party's favor.Turner v. Turner (1993), 67 Ohio St.3d 337, 341.
Civ.R. 56(C) provides in part:
 The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
On October 7, 1996, Hattie moved for summary judgment against Garn on the breach of contract claim. In his motion, Hattie asserted that he paid $1,000.00 to Garn and that Garn was obligated to "insure the safety of [Hattie's] monies." Hattie attached his affidavit to the motion, stating that he sent Sherman $1,000.00 "for the specific purpose of securing a residence for [Hattie] in Lorain County, Ohio" and that "pursuant to [Hattie's] conversations with Richard Garn, [Garn] agreed to assist and insure Jody Sherman's performance of her obligation." Also attached to Hattie's motion for summary judgment was an affidavit of Margaret Lee Kendall which stated that she received "a one-thousand dollar ($1,000.00) check from Barbara Hattie addressed to Jody Sherman, and did deliver it to her personally." Kendall also stated in her affidavit that she had personal knowledge of an agreement between Hattie and Garn and Sherman whereby the aforementioned $1,000.00 was for "the sole purpose of securing residence for Terrence Hattie" in Lorain County, Ohio. Garn opposed Hattie's motion for summary judgment. The trial court denied Hattie's motion for summary judgment.
Construing the evidence submitted by Hattie most strongly in favor of Garn, as we must, and resolving the many doubts this evidence raises in Garn's favor, we find that Hattie failed to meet his initial burden pursuant to Vahila, supra, to inform the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or a material element of the non-moving party's claim. Therefore, the trial court's denial of Hattie's motion for summary judgment was proper, and Hattie's second assignment of error is overruled.
 III.
Hattie's third, fourth and fifth assignments of error will be considered together. Hattie's third assignment of error is:
 THE TRIAL COURT ERRED BY DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY WHEN DEFENDANT GARN FAILED TO COMPLY WITH THE COURT'S DISCOVERY SCHEDULE.
Hattie's fourth assignment of error is:
 THE TRIAL COURT ERRED BY DENYING PLAINTIFF'S MOTION FOR A CONTINUANCE PURSUANT TO CIVIL RULE 56(F), PENDING DISCOVERY, TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
Hattie's fifth assignment of error is:
 THE TRIAL COURT ERRED BY GRANTING DEFENDANT GARN'S MOTION FOR SUMMARY JUDGMENT BECAUSE REASONABLE MINDS COULD HAVE REACHED DIFFERENT CONCLUSIONS, AND PLAINTIFF EXPRESSED HIS NEED OF DISCOVERY TO ADEQUATELY RESPOND TO THE MOTION.
Civ.R. 56(F) provides:
 Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavits facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
This court addressed an issue similar to the issue raised by Hattie's last three assignments of error in Gumpl v. Wilkinson
(April 14, 1993), Lorain App. No. 92CA005407, unreported. Gumpl was a convicted felon serving time at the Grafton Correctional Institution. Gumpl sued the Director of the Ohio Department of Rehabilitation and Corrections and the warden of Grafton, alleging unconstitutional conditions at Grafton. Gumpl sent interrogatories and requests for inspection of documents to the defendants. The defendants moved for dismissal of the complaint for failure to state a claim or alternatively for summary judgment and for a protective order staying discovery until resolution of their motion. Gumpl then moved for a continuation of the summary judgment proceeding pending discovery. The trial court granted the defendants' motion for summary judgment, but did not specifically rule on Gumpl's motion for additional time for discovery. Upon review, this court stated that
 Civ.R. 56(F) authorizes the trial court to delay a decision on a summary judgment motion while the non-moving party gathers rebuttal evidence. The trial court, in determining whether such additional time is appropriate, should exercise its discretion in favor of the non-moving party who proposes any reasonable interval to discover facts necessary to rebut the motion for summary judgment.
(Citations omitted.) Id. at 2-3. The trial court cannot construe evidence most strongly in favor of the non-moving party when there is a dearth of evidence to construe. Tucker v. Webb Corp. (1983),4 Ohio St.3d 121, 123.
In order to qualify for a Civ.R. 56(F) continuance, the movant must set forth sufficient reasons to justify a continuance.Gumpl, supra, at 3. This court held that because "the evidence needed to oppose the [defendants'] motion for summary judgment was in the control of the [defendants] and all discovery had been denied, Gumpl demonstrated sufficient reason why he could not oppose the motion for summary judgment by affidavit." Id. at 4.
The reasoning behind Gumpl is clear. The trial court cannot very well require the party opposing a motion for summary judgment to produce rebuttal evidence and at the same time deny that party an opportunity to discover that evidence.
On June 2, 1996, Hattie sent Garn seventeen interrogatories and a request for documents, requesting that Garn return his responses within twenty-eight days. Civ.R. 33 governs interrogatories and provides in part:
 (A) Any party may serve upon any other party written interrogatories to be answered by the party served.
* * *
 Interrogatories may, without leave of court, be served upon * * * any other party after service of the summons and complaint upon the party.
* * *
 Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. * * * The party upon whom the interrogatories have been served shall serve a copy of the answers and objections within a period designated by the party submitting the interrogatories, not less than twenty-eight days after the service thereof[.]
Garn did not answer the interrogatories, nor did he move for a protective order. On July 19, 1996, Hattie moved the trial court for an order compelling Garn to comply with discovery requests and imposing sanctions. On August 9, 1996, the trial court denied this motion, stating that "[Hattie] has failed to specify what discovery was requested, when the discovery was requested, and what [Garn] has failed to provide."
On September 25, 1996, the trial court ordered Hattie to "provide discovery to Richard Garn in accordance with the Ohio Rules of Civil Procedure by October 25, 1996" and ordered Garn to "provide discovery to [Hattie] * * * by November 25, 1996," and stated that failure to comply "shall result in sanctions which may include dismissal." On October 18, 1996, Garn filed a "Response to: Motion for Discovery." In his response, Garn wrote that he had never spoken with Hattie, had no knowledge of any oral contract between Sherman and Hattie, and did not have a "contract of any kind, written or oral, with plaintiff Hattie." In essence, Garn again denied the allegations of the complaint. This response did not contain specific answers to the seventeen interrogatories sent by Hattie to Garn, nor did it have attached any of the documents requested by Garn.
On November 12, 1996, Hattie moved the trial court for an order requiring Garn to provide responses to the interrogatories and the documents requested by Hattie on June 2, 1996 and also moved for sanctions. On November 18, 1996, Garn responded to this motion, arguing that such discovery was an invasion of privacy and stating that he did respond to Hattie's motion by providing to Hattie "each and every fact to [Garn's] knowledge." However, Garn still did not provide specific answers to the interrogatories, nor did he file objections to the interrogatories. Garn also did not provide to Hattie the requested documents nor did he specifically object to the request for documents. Garn did state that he "believe[d] the plaintiffs [sic] MOTION TO COMPEL DISCOVERY-WITH SANCTIONS to be a mere fishing expedition" and argued that because Hattie had brought forth no facts or any foundation of Garn being an aider and abettor to fraud, the trial court should deny the motion to compel.
After denying Hattie's motion for summary judgment, the trial court granted Garn until February 14, 1997 to file a cross-motion for summary judgment. Garn did so, submitting a letter from Hattie to Garn regarding Hattie's relationship with Sherman and Garn's affidavit in which Garn stated that he "has not assisted the Defendant Sherman in any manner to obtain monies or any other things of value from Plaintiff Hatti [sic]" and that [Garn] has not entered into any contract, verbal, written or undertaking whatsoever with Plaintiff Hatti [sic] nor has he in any manner been involved in any scheme or undertaking with [Sherman] to obtain anything of value from [Hattie]." Hattie filed a "motion for continuance to obtain discovery" at the same time that he filed his opposition to Garn's motion for summary judgment. On May 14, 1997, the trial court granted summary judgment in favor of Garn, dismissed Hattie's claims against Sherman, and denied Hattie's motions to compel discovery and for a continuance.
Title V of the Ohio Rules of Civil Procedure sets forth the procedures by which civil litigants obtain discovery. Civ.R. 26(B) governs the scope of discovery and provides in part:
 (1) Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of any other party seeking discovery or to the claim or defense of any other party, including the existence * * * and location of any * * * documents * * * and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
Civ.R. 26(C) allows for protective orders, providing in part:
 Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense[.]
* * *
 Before any person moves for a protective order under this rule, that person shall make a reasonable effort to resolve the matter through discussion with * * * the unrepresented party seeking discovery. A motion for a protective order shall be accompanied by a statement, reciting the effort made to resolve the matter in accordance with this paragraph.
Thus, a party in Garn's position, who believed that the discovery request was an invasion of privacy or "a mere fishing expedition" could have moved for a protective order pursuant to Civ.R. 26(C). While Garn's response to Hattie's second motion to compel discovery may be construed as a motion for a protective order, Garn's response does not comply with the requirements set forth in Civ.R 26(C).
Garn's failure to comply with the discovery rules, when followed by the trial court's failure to enforce its own discovery order, denied Hattie of the opportunity to fully prepare his opposition to Garn's motion for summary judgment. See Rossman v.Rossman (1975), 47 Ohio App.2d 103, 108. Based on the foregoing, Hattie's third, fourth, and fifth assignments of error are sustained.
The judgment of the trial court denying Hattie's motion for summary judgment and dismissing the claims against Sherman is affirmed. The judgment of the trial court denying Hattie's motion to compel discovery and granting summary judgment in favor of Garn is reversed and the cause is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part,and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to the parties equally.
 Exceptions. _________________________________ WILLIAM R. BAIRD, FOR THE COURT
SLABY, P. J.
DICKINSON, J., CONCUR
[1] On March 31, 1997, Garn filed a document in which he provided information as to "the whereabouts of Defendant Sherman."