Plaintiff-appellant Robbin Riley ("appellant") appeals from the decision of the Cuyahoga County Court of Common Pleas which granted summary judgment in favor of defendants-appellees Wendy's International et al ("appellees") . For the reasons stated below, we reverse.
The facts giving rise to this appeal are as follows. On April 4, 1996, appellant while attempting to enter the appellees' restaurant tripped and fell in a pothole located in the parking and driveway area of appellees' parking lot causing injury to his knee. On June 16, 1996 appellant commenced the within action asserting a claim of negligence against appellees for their failure to keep and maintain the premises in a safe condition. Appellees moved for summary judgment asserting that the imperfections in the parking lot were "open and obvious" and, therefore, they had no duty to warn appellant of the pothole. On January 29, 1998, the trial court granted judgment in favor of appellees finding that no genuine issue of material fact exists because the hole was "open and obvious." Appellant timely appeals this decision and advances two assignments of error for our review.
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT SINCE DEFENDANT-APPELLEES FAILED TO SATISFY THEIR INITIAL BURDEN PURSUANT TO DRESHER V. BURT.
 II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEES' MOTION FOR SUMMARY FOR SUMMARY JUDGMENT SINCE THERE IS A JUSTICIABLE ISSUE OF FACT WHETHER OR NOT A HOLE IN DEFENDANT-APPELLEES' PARKING LOT WAS "OPEN AND OBVIOUS."
In his first assigned error, appellant contends that appellees failed to satisfy their burden under Dresher v. Burt (1996),75 Ohio St.3d 280. Specifically, appellant complains that appellees as the moving party failed to present evidence demonstrating that the hole was "open and obvious" in support of their motion.
In his second assigned error, appellant complains that summary judgment should not have been granted where a justiciable issue of fact remained as to whether the hole in the parking lot was "open and obvious." Specifically, appellant, contends that he provided sufficient evidence to rebut appellees' sole ground for summary judgment and, moreover, he offered evidence of attendant circumstances and it was error for the trial court to fail to consider these attendant circumstances.
Appellants assigned errors, having a common basis in law and fact, shall be considered together. This court reviews the lower courts grant of summary judgment de novo. Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704. An appellate court applies the same test as a trial court, which test is set forth in Civ. R. 56 (C), which specifically provides that before summary judgment may be granted it must be determined that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United Inc., (1977), 50 Ohio St.2d 317, 327.
Moreover, it is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Dresher v. Burt, supra at 293. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg
(1992), 65 Ohio St.3d 356, 358-359.
In accordance with Civ.R. 56 (E), "a nommovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial."Chaney v. Clark Cty. Agricultural Soc. (1993), 90 Ohio App.3d 421,424. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial.Dresher, supra; Celotex, supra at 322.
In order to sustain an action in negligence, a party must establish the three essential elements: duty, breach of the duty, and an injury proximately caused by the breach. Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75. A business owner owes a business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition so that an invitee is not unnecessarily and unreasonably exposed to danger. Paschal v. RiteAid Pharmacy (1985), 18 Ohio St.3d 203. However, a premises owner has no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them. Sidle v. Humphrey (1968), 13 Ohio St.2d 45. The particular facts of the case must be examined to determine whether a danger is open and obvious. Miller v. BeerBarrel Saloon (May 24, 1991), Ottawa App. NO. 90-0T-050, unreported. The court may consider the implication of attendant circumstances to determine whether taken together they diverted tne attention of the pedestrian, significantly enhanced the danger of the defect and contributed to the fall. See Stockhauserv. Archdiocese of Cincinnati (1994), 97 Ohio App.3d 29, 33-34.
In Grossnickle v. Village of Germantown (1965), 3 Ohio St.2d 96
the Supreme Court held:
 A pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not, as a matter of law, required to look constantly downward under all circumstances even where she has prior knowledge of a potential hazard. Id., paragraph one of the syllabus.
 Whether the care and attention ordinarily required of a pedestrian using a public sidewalk and approaching an intersection is diverted by weather conditions, traffic hazards and the apparently safe condition of the surface of the walk so as to excuse her from observing a hazard, which she otherwise would have the duty to see and the potential danger of which she had prior knowledge, is a question for the jury. Id., paragraph 2 of the syllabus.
Appellees in their motion for summary judgment assert that they are entitled to judgment on the basis that they owed no duty to appellant because the pothole was "open and obvious." Here, the defect encountered by appellant was, by his own description, a pothole approximately three to four feet in width and ten or twelve inches in depth. Appellees by presenting some evidence that the pothole was an "open and obvious" defect because of its large size have met their initial burden as required by Dresherv. Burt, supra. Accordingly, appellants first assignment of error is without merit.
However, although a pothole of this size may constitute an open and obvious" defect in the parking surface, appellant submitted photographic evidence to rebut this assertion and to support his claim that the hole was neither apparent nor readily discernible to him. Moreover, appellant further asserted that "attendant circumstance " created by the traffic hazard which he encountered in the parking lot should remove this case from the "open and obvious" doctrine.
In this case the evidence reveals that appellant fell in a large hole in appellees' parking lot. Appellant testified that he was unfamiliar with this area of the parking lot. On the other hand, the record demonstrates that appellees were on actual notice of the existence of this pothole and of its large size. The evidence further reveals that appellant did not see the hole before he fell because his attention was distracted by a car driving in his path.
Upon consideration of the facts as demonstrated in this record and the law as stated above, whether appellee breached its duty to maintain the premises in a reasonably safe condition is a question of fact for the jury. Further, where as here, the evidence is not conclusive that this hole was "open and obvious" thereby requiring no additional warning to appellant, then, whether the pothole was "open and obvious, " is a question of fact for the jury to determine. Finally, whether appellant was negligent for his failure to perceive the pothole, where he asserts that the "attendant circumstance" of avoidance of a moving car had diverted his attention, constitutes a question of fact left to be decided by a jury under the principles of comparative negligence. See Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677.
Accordingly, we find appellants second assignment of error to be well taken and find summary judgment to be inappropriate where questions of fact remain. We reverse the decision of the trial court and remand for further proceedings consistent with this opinion.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellees costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________________ TIMOTHY E. McMONAGLE JUDGE
 DIANE KARPTNSKI, P.J. and JAMES D. SWEENTEY, J.,CONCUR.
N.B. This entry is an announcement of the courts decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc. App. R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22 (E) unless a motion for reconsideration with supporting brief, per App. R. 26 (A), is filed within ten (10) days of the announcement of the courts decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this courts announcement of decision by the clerk per App. R. 22 (E). See, also, S.Ct. Prac. R. II, Section 2 (A) (1).