JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Nancy Krause and her husband, Robert Krause, appeal from the judgment of the Cuyahoga County Court of Common Pleas entered on their complaint arising from Nancy Krause's fall in the parking lot of the Brooklyn Heights Rini-Rego store in favor of defendants-appellees Fred W. Albrecht Grocery Co., Riser Foods Inc. and Rini-Rego Stop Shop. Appellants claim that genuine issues of fact exist precluding summary judgment. We find no error and affirm.
The record reveals the following facts giving rise to this appeal. At deposition, appellant Nancy Krause testified that on January 29, 1995, about 6:00 p.m., she and her daughter arrived in the parking lot of the Rini-Rego store where she had shopped once a week for about a year. As she alighted from her daughter's car it was dark, cold and misty with a light rainfall, but no snow had fallen since earlier in the week. The parking lot had been plowed and the only accumulation of snow was at its outer perimeter. She "momentarily" looked at the parking surface and saw that the blacktop appeared wet. As she walked toward the back of the car, she looked ahead for moving vehicles. Nothing obscured her view. When she reached the back of the car, she fell as her right foot slipped forward from underneath her. Her foot came to a stop in a jagged circular hole, about one foot in circumference with a quarter-inch crack dissecting it. Appellant was already on the ground when she heard her daughter call out "Mom, there's ice !" She and her daughter went into the store and immediately reported her fall to store employees who prepared an incident report which appellant affirmed accurately indicated that she slipped on "black ice." At deposition, appellant additionally opined that she thought the hole had "partially something to do with the fall I'm sure either my shoe got caught or something in it," but she admitted that had she been looking at the ground, she may have been able to see the hole.
On January 24, 1997, appellants commenced the within action alleging inter alia that appellant "slipped on an accumulation of ice" and asserting that appellees were negligent: in maintaining an uneven, defective parking surface; in failing to illuminate the parking lot; in permitting "snow and ice to accumulate on the surface although there had been no recent snowfall"; and in failing to apply salt, sand or safety material to the surface. On February 2, 1998, appellees moved for summary judgment claiming they had no duty to clear a natural accumulation of ice, and asserting that no evidence existed demonstrating either that the alleged hole presented an unreasonable risk of harm or was the proximate cause of appellant's fall. The motion remained unopposed by appellants and was granted by the court on April 7, 1998. On May 6, appellants filed a Civ.R. 60 (B) (5) motion for relief from judgment claiming the motion for summary judgment had not been served upon them. Notice of appeal was filed on May 7, 1998. In this appeal, appellants advance a single assignment of error for our review which states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT WHEN THE TRIAL COURT GRANTED DEFENDANTS-APPELLEES MOTION FOR SUMMARY JUDGEMENT (SIC) WHEN CLEAR ISSUES OF MATERIAL FACT EXIST AS TO THE DEFENDANT'S NEGLIGENCE.
Appellants complain that the trial court abused its discretion in granting the summary judgment asserting a material issue of fact exists as to the negligence of appellees and the proximate cause of appellant's fall. Further, they claim the trial court was without jurisdiction to grant appellees' motion because it had not been served upon them as required by Civ.R. 56.
First, we note that in this appeal appellants do not challenge the trial court's disposition of the Civ.R. 60 (B) (5) motion, and thus, we will not review the claims they asserted therein. Further, the record demonstrates that a proper certificate of service accompanied appellees' motion for summary judgment. Accordingly, this court reviews the lower court's grant of summary judgment de novo. Brown v. Scioto Bd. offCommrs. (1993), 87 Ohio App.3d 704. We apply the same test as a trial court, which test is set forth in Civ.R. 56 (C), and specifically provides that before summary judgment may be granted it must be determined that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving parry is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United Inc. (1977), 50 Ohio St.2d 317,327.
It is well-settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Dresher v. Burt, supra at 293. However, once the moving party has satisfied this burden, the non-moving party has the burden to set forth specific facts showing there is an issue for trial. Dresher, supra. In accordance with Civ.R. 56 (E), "a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial."Chaney v. Clark Cty. Agricultural Soc. (1993), 90 Ohio App.3d 421,424. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. Dresher, supra; Celotex, supra at 322. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
In order to sustain an action in negligence, a party must establish the three essential elements: duty, breach of the duty, and an injury proximately caused by the breach. Meniffee v.Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75;Texler v. D. 0. Summers Cleaners Sheet Laundry Co.
(1998), 81 Ohio St.3d 677, 680.
The record reveals that appellant was a business invitee at the time of the incident. A business owner owes a business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition so that an invitee is not unnecessarily and unreasonably exposed to danger. Paschal v. Rite AidPharmacy (1985), 18 Ohio St.3d 203. Where there is a claim that attendant circumstances existed, the court may consider the implication of attendant circumstances to determine whether taken together they diverted the attention of the pedestrian, significantly enhanced the danger of the defect and contributed to the fall. See Stockhauser v. Archdiocese offCincinnati (1994), 97 Ohio App.3d 29, 33-34.
Further, where a hazard is not hidden from view or concealed and is discoverable by ordinary inspection, a trial court may properly sustain a motion for summary judgment made against a claimant. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49;Simmons v. Bentley Construction Co. (1992), 64 Ohio St.3d 642. 644. Moreover, "`[d]arkness' is always a warning of danger, and for one's own protection may not be disregarded. [Citation omitted]." Jeswald v. Hutt (1968), 15 Ohio St.2d 224,227. Further, "[o]ne who maintains a private motor vehicle parking area, for the accommodation of those he serves in a professional or business way, is generally under no legal obligation to illuminate the same at night." Jeswald,id. at paragraph one of the syllabus.
Generally, a premises owner owes no duty to business invitees to remove natural accumulations of ice and snow from the private sidewalks on the premises or to warn the invitee of the dangers associated with such natural accumulation of ice and snow.Brinkman v. Ross (1993), 68 Ohio St.3d 82, 83;McCornell v. Bridges (1997), 124 Ohio App.3d 610, 612. An owner's/occupier's failure to remove ice and snow only constitutes negligence when the owner/occupier knows or should know a condition exists which is substantially more dangerous than can be anticipated by the invitee. Mikula v. SlavinTailors (1970), 24 Ohio St.2d 48, paragraph five of the syllabus; Debie v. Cochran Pharmacy-Berwick, Inc.,
(1967) 11 Ohio St.2d 38, paragraph one of the syllabus. "Everyone is assumed to appreciate the risks associated with natural accumulations of ice and snow and, therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow."Brinkiman, supra at 84. There is no liability unless the owner or occupier has superior knowledge of a particular danger which caused the injury. La course v. Fleitz (1986),28 Ohio St.3d 209, 210.
With these propositions of law in mind, we review appellees' motion for summary judgment in which they assert that they are entitled to judgment on appellants' claims as a matter of law because they did not breach their duty of reasonable care as any ice on the parking surface was a natural accumulation which they had no duty to remove and the alleged "defective surface" of the parking lot constituted a trivial defect, a condition from which appellant would be reasonably expected to discover and protect herself.
When we construe the evidence most favorably toward appellant, we conclude that appellant slipped on the ice in the parking lot. A careful review of the record demonstrates that no evidence in the record indicates that the condition which she encountered was substantially more dangerous than should have been anticipated by her. See Bowins v. Euclid General Hosp. Assoc. (1984),20 Ohio App.3d 29 (if owner and invitee are equally aware of dangerous condition, and the invitee voluntarily exposes herself to it, the owner will not be liable); Newman v. Ohio StateUniv. (1991), 62 Ohio Misc.2d 162, (defendant had no duty to remove or warn about natural accumulation of ice on steps, regardless of customary removal, when condition not substantially more dangerous than should have been anticipated).
On appeal, appellants challenge the grant of summary judgment asserting that reasonable minds could come to differing conclusions as to whether the hole was responsible for her fall. Although appellant testified that the "hole" in the parking surface had "partially something to do with the fall," the record supports the conclusion that appellant slipped on the ice because she testified that her right foot slipped on the ice, her daughter noticed the ice and shouted a warning, and the incident report was accurate in its statement that she slipped on "black ice." However, although we find that the record demonstrates that appellant's fall was caused by "black ice," we will consider appellants' assertion that the alleged defect in the parking surface contributed to the fall.
In Helms v. American Legion (1966), 5 Ohio St.2d 60,62, the court stated: "an owner or occupier of a private premises will not be liable for minor imperfections in the premises which are commonly encountered and are to be expected and which are not unreasonably dangerous, representing trivial departures from perfection." See, also, Baldauf v. Kent StateUniversity (1988), 49 Ohio App.3d 46, 48. Moreover, as almost every parking lot provides a spawning ground for defects in the blacktop, in the absence of any substantial defect or any unusual attending circumstances, the trial court cannot be faulted for deciding a case as a matter of law. See Neace v. SkilkenProperties (October 2, 1998), Montgomery App. No 16988, unreported.
The record reveals that nothing obstructed appellant's view; she alleged no attendant circumstances; she made no claim that the hole was snow covered and constituted either a concealed or hidden danger. Thus, appellants have presented no evidence to show that the hole created an unreasonably dangerous condition or was deep enough to cause an unreasonably dangerous condition, representing a more than a trivial departure from perfection. Nor did appellants present evidence that the defect was a latent defect of which appellees had or should have had superior knowledge. Finally, appellants presented no evidence that some attendant circumstances made this claimed defect more dangerous.
Further, in accordance with Jeswald, supra, despite appellants' assertion otherwise, we find that appellees were under no obligation to illuminate the parking surface and, thus, we conclude that appellants' allegation of inadequate lighting is irrelevant to appellees' liability.
In conclusion, we find that appellants have failed to demonstrate that any genuine issue of material fact exists with regard to whether appellees breached their duty of ordinary care in maintaining their premises in a reasonably safe condition. Therefore, upon review of the evidence and based upon appellant's own testimony, we find that appellants have failed to show that the hole constituted a latent defect or that it was unreasonably dangerous or that attendant circumstances made the condition unreasonably dangerous. As such, appellant has failed to put forth sufficient evidence to create a question of fact as to whether appellees breached a duty owed to her as an invitee.
If there is no duty, the owner or shopkeeper cannot be negligent. Anderson v. Ruoff (1995), 100 Ohio App.3d 601. Where there is no negligence, i.e., breach of duty, the issue of proximate cause is never reached. See Wicichowski v.Gladieux Enterprise, Inc. (1988), 54 Ohio App.3d 177. Thus, because there is no evidence in the record to create a question of fact as to whether appellees breached a duty to appellants, we do not reach the question of proximate cause of this incident, whether the ice or the defect in the parking surface caused appellant's fall.
Accordingly, based upon the record before us, even when we construe the evidence most strongly in favor of appellants, we find that reasonable minds could only come to the one conclusion that no genuine issue of material fact exists on the issue of premises liability and appellees are entitled to judgment as a matter of law. Appellants' sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J. and ROCCO, J. CONCUR.
 _________________________ TIMOTHY E. McMONAGLE, JUDGE